IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 30, 2010

**STATE OF TENNESSEE v. BILLY R. SUMMEY**

**Appeal from the Criminal Court for Monroe County**
**No. 08-318    Carroll L. Ross, Judge**

---

**No. E2009-00999-CCA-R3-CD - Filed July 21, 2010**

---

The Monroe County grand jury indicted the Defendant, Billy R. Summey, for alternative counts of sale or delivery of more than one-half ounce but less than ten pounds of marijuana, a Class E felony. Following the denial of his motion to suppress, the Defendant pled guilty to the indictment and received a sentence of two years as a Range I, standard offender to be served on probation. Pursuant to the guilty plea, the Defendant also reserved a certified question of law that is dispositive of his case challenging the legality of the tape-recorded drug transaction that occurred in his home, without a warrant, between himself and an informant. See Tenn. R. Crim. P. 37(b)(2)(i). In this appeal as of right, the Defendant argues that the trial court erred in denying his motion to suppress. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right; Judgment of the Criminal Court**
**is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

William L. Gribble, II, Maryville, Tennessee, attorney for appellant, Billy R. Summey.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; R. Steven Bebb, District Attorney General; and Paul Rush, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

**OPINION**

On April 13, 2009, the parties presented only argument regarding the motion to suppress. Therefore, the facts underlying this offense seem undisputed. As stated by defense counsel, "the evidence against [the Defendant] stems from a conversation recorded by an informant that was sent into [the Defendant's] home, wired with a recording device." The Defendant does not contend that the informant was inside his home without his permission. The trial court's order denying the motion to suppress does not contain any findings of fact or conclusions of law but merely states that the motion to suppress is denied and that the issue will be reserved as a certified question upon the Defendant's plea of guilty. The transcript of the motion hearing indicates that the parties agreed that there is a split of authority regarding this issue among the state jurisdictions. The parties also asserted that the issue was one of first impression in Tennessee. The trial court declined to rule the recording procedure unconstitutional. Accordingly, the trial court accepted the Defendant's guilty plea with reservation of the certified question.

On appeal, the State acknowledges that the Defendant properly reserved the following certified question of law pursuant to his guilty plea:

> Is it a violation of [a]rticle I, [section] 7 [of the Tennessee Constitution] for the police to invade the privacy of a person's home by employing an informant to use an electronic surveillance device to record matters occurring in that person's home without first obtaining a duly authorized search warrant?

The Defendant argues that article I, section 7 of the Tennessee Constitution may provide additional protection beyond that of the Fourth Amendment of the United States Constitution. He also argues that the Supreme Court's decision in United States v. White, 401 U.S. 745 (1971), relied upon by the State, considered the Constitutionality under the Fourth Amendment of warrantless monitoring – not recording – of conversations occurring in a defendant's home and is, therefore, distinguishable from the facts in this case. The State contends that the warrantless recording of conversations between a defendant and an informant occurring in a defendant's home does not violate either the Fourth Amendment to the United States Constitution or article I, section 7 of the Tennessee Constitution. Following our review, we agree with the State.

We note that, at trial and on appeal, the Defendant relied upon cases from other jurisdictions to argue that article I, section 7 should provide greater protection than the Fourth Amendment concerning recorded conversations between a Defendant and an informant occurring in a Defendant's home without a warrant. His argument fails to acknowledge that this court has previously ruled that such practices are constitutional under

2

article I, section 7 of our constitution. In <u>State v. Vanderford</u>, 980 S.W.2d 390, 401 (Tenn. Crim. App. 1997), this court held that "[w]hen the suspect permits a confidential informant into his residence, and he freely and voluntarily talks to the confidential informant, the suspect has no expectation of privacy regarding the conversation." This court specifically held that such action "does not violate the Fourth Amendment to the United States Constitution or [a]rticle I, § 7 of the Tennessee Constitution." <u>Id.</u> Furthermore, contrary to the Defendant's argument on appeal, the Supreme Court has ruled constitutional the recording of such conversations between a defendant and an informant. <u>White</u>, 401 U.S. at 749 (no search warrant needed when a "secret agent" uses "electronic equipment to record the defendant's words"). Accordingly, we conclude that the trial court properly denied the Defendant's motion to suppress.

CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE